NOBLE, APPELLANT, *v.* REGISTRAR, BUREAU OF MOTOR VEHICLES, APPELLEE.

(No. 85AP-711 — Decided June 12, 1986.)

*Scott W. Schiff,* for appellant.
*Ronald J. O'Brien,* city attorney, *James J. Fais,* city prosecutor, and *David E. Tingley,* for appellee.

GUERNSEY, J. This is an appeal by plaintiff-appellant, Keith E. Noble, from a judgment in a proceeding filed by him in the Franklin County Municipal Court under the provisions of R.C. 4511.191(F), seeking to set aside the suspension of his operator's license by the Registrar of Motor Vehicles, defendant-appellee herein.

The registrar furnished to municipal court a certified copy of the sworn report of a police officer provided for by R.C. 4511.191(C) that Noble had been arrested on March 27, 1985 for the offense of driving a motor vehicle while under the influence of alcohol and/or drugs of abuse, that he had reasonable grounds to believe that Noble was operating a motor vehicle upon the public highways of Ohio while under the influence of alcohol and/or drugs of abuse, and that Noble refused to submit to a breath or urine chemical test when requested to do so, after having been advised in the prescribed manner of the consequences of his refusal. The registrar also submitted to the lower court a certified copy of his notification to Noble of the suspension for one year of his driver's license for refusal to submit to a chemical test when arrested for driving under the influence, as well as a copy of Noble's driving record.

Hearing was had on the petition before a referee who, among other things not here material, set forth in her report:

"5. The referee finds that although this affidavit was not offered or admitted into evidence at the hearing, it may be considered as evidence by the court in making its determination. *Bannister* v. *[Andrews, Registrar,] Bureau of Motor Vehicles,* Franklin County Court of Appeals Case No. 76AP-21 (1976). The ar-

resting officer did not testify at the hearing.

"* * *

"The burden of proof is on the petitioner to prove error on the part of the Bureau of Motor Vehicles. In this case, the petitioner alleges that the bureau erred in suspending the petitioner's license because the officer did not have reasonable grounds to believe he was operating a motor vehicle upon the public highways of Ohio while under the influence.

"Based on the evidence presented, the referee finds that the petitioner has failed to prove by a preponderance of the evidence that the arresting officer did not have reasonable grounds to believe the petitioner was operating a motor vehicle upon the public highways of Ohio while under the influence of alcohol."

Based on her findings, the referee recommended that the municipal court find no error in the action of the registrar and that Noble's petition be dismissed. Judgment was entered adopting the referee's report and dismissing the case. It is from this judgment that appeal was taken, the appellant Noble assigning as error:

"1. The trial court erred in its approval of the referee's recommendation since the latter was based on evidence not submitted at the hearing on this matter.

"2. Based solely on the evidence admitted at the hearing the decision is against the manifest weight of the evidence, as a matter of law, and should be reversed."

On the facts and circumstances of this case, these two assignments of error complement each other and we will consider them together. The thrust of the argument on both assignments is that the arresting officer was not present at the hearing to testify; that the only testimony adduced was that of the appellant driver, thus constituting the only evidence admitted; that, nevertheless, the referee considered as evidence the arresting officer's affidavit as to probable cause, furnished by the registrar to the court under the provisions of R.C. 4511.191 (G)(1); that this affidavit was not admissible, nor was it admitted into evidence, and could not be considered by either the referee or the trial court in adopting the referee's recommendations; and that the judgment finding reasonable grounds for the arrest could not rest on the testimony of the driver-appellant alone.

It is true that this court determined in the case of *Bannister* v. *Andrews* (Dec. 2, 1976), No. 76AP-21, unreported, that the affidavit furnished by the registrar to a court under the provisions of R.C. 4511.191(G) may be considered without it being literally offered and admitted into evidence therein. However, that decision was based on the provisions of that statute as it then existed providing that "the court shall decide such issue upon *the registrar's certified affidavit and such additional* relevant, competent, and material evidence as either the registrar or the person whose license is sought to be suspended submits." (Emphasis added.) Moreover, we also concluded in *Bannister* at 4, that "the transcript shows the court had readily sufficient evidence to support its determination that there was no error in the action of the Registrar," and held that "the court, considering the testimony of the officers in this case, rendered a decision that was not against the manifest weight of the evidence." Therefore, our determination that the registrar's affidavit may be considered without it being literally offered and admitted into evidence was not necessary to our judgment in *Bannister*. Any residual impact that such determination may have had on the consideration of such an affidavit was effec-

tively superseded by the amendment of R.C. 4511.191(G), effective March 16, 1983, to delete therefrom the emphasized phrase respecting use of the affidavit, thus requiring a reasonable conclusion that the legislature intended that such affidavit not be considered unless first properly being offered and admitted into evidence.

Since the transcript of proceedings and referee's report show that the affidavit here was never offered and admitted into evidence, but, notwithstanding, the referee's report adopted by the court shows that the affidavit was not only considered but given weight in evidence, we conclude that such action by the referee and the trial court was erroneous. Whether such error was prejudicial to appellant then depends upon how such consideration related to whether appellant met his burden of proof in showing error in one of the matters at issue and to be heard under the provisions of R.C. 4511.191 (F), *i.e.*, that the law enforcement officer did not have reasonable grounds to believe that appellant was operating a motor vehicle upon the public highways in this state while under the influence of alcohol. As no blood-alcohol test was given and, therefore, there was none in evidence and no testimony by the arresting officer, the issue of the evidentiary burden must be determined on appellant's testimony alone. We find the following questions by counsel and answers by appellant pertinent to the issue:

Direct examination:

"Q. And were you ultimately issued a citation?

"A. Yes.

"Q. And what was that violation for?

"A. OMVI.

"Q. Okay. Were you — do you know why you were stopped?

"A. I have no idea.

"Q. Were you issued any other violation [other] than OMVI?

"A. No, I wasn't.

"Q. Were you upset about having been stopped?

"A. Yes, very much so. I felt I was doing nothing wrong at the time, didn't understand why I was pulled over."

Cross-examination:

"Q. And you don't realize or understand why you were stopped; is that right?

"A. No, sir, I don't.

"* * *

"Q. You have no idea why he stopped you?

"A. I asked the officer why he stopped me. He did not answer me.

"* * *

"Q. Still pending. But you do admit that you were charged with OMVI?

"A. That's what the ticket said. I can only admit what the ticket says."

Thus, appellant presented evidence of probative value that, although thereafter cited for OMVI, at the time he was stopped he felt that he was doing nothing wrong, did not understand why he was pulled over, and did not realize or understand why he was stopped and, furthermore, that the officer did not answer his question as to why he was stopped. Although minimal, this evidence had probative value, if believed, to show that appellant was driving properly, and the arresting officer did not have reasonable grounds to believe that appellant was operating a motor vehicle upon the public highways in this state while under the influence of alcohol. Absent consideration of the affidavit as evidence, there was no evidence before the court on this issue contrary to that offered by appellant. The affidavit not having been offered or admitted into evidence could not be considered as weighing on the other side of the issue. The appellant's admission merely that he was

24

cited for "OMVI" does not constitute an admission that he was driving in such a manner to give the officer reasonable grounds to believe him guilty of such. Dependent, therefore, upon what weight and credibility the trial court would have assigned to appellant's testimony, and omitting consideration of the affidavit, the trial court could properly have found that appellant met his burden of proving by a preponderance of the evidence that the officer did not have any reasonable grounds to believe that appellant was operating his vehicle while under the influence of alcohol. In that the trial court could have so found in the absence of consideration of the affidavit, it is consistently concluded that the affidavit may have been the factor weighing against such finding and in favor of the conclusion which the trial court made to the contrary.

Accordingly, the consideration of the affidavit constituted error prejudicial to appellant, as asserted under the first assignment of error, and refusal to grant a new trial therefore would be inconsistent with substantial justice. Civ. R. 61.

In that, dependent upon the weight and credibility which the trial court assigned to appellant's testimony, the trial court, considering only that testimony, might have concluded either way thereon, the decision of the trial court was not against the manifest weight of the evidence properly before the court, and we find the second assignment of error without merit.

For the prejudicial error in considering the affidavit, the judgment of the Franklin County Municipal Court is reversed and the cause is remanded to that court for new trial and further proceedings as provided by law, with costs in this court and the trial court to abide final determination and assess-

ment as prescribed by R.C. 4511.191 (G)(4).

*Judgment reversed*
*and cause remanded.*

McCORMAC and NORRIS, JJ., concur.

GUERNSEY, J., of the Third Appellate District, sitting by assignment in the Tenth Appellate District.